UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CRAIG EASLEY

VERSUS

JACE BROWNLEE, AMERICAN
MERCURY INSURANCE COMPANY,
LIBERTY MUTUAL FIRE
INSURANCE COMPANY, AND GEICO
CASUALTY COMPANY

CIVIL ACTION

NO. 21-502-SDD-SDJ

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 19, 2022.

_____

**SCOTT D. JOHNSON**

**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRAIG EASLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **JACE BROWNLEE, AMERICAN MERCURY INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, AND GEICO CASUALTY COMPANY** | **NO. 21-502-SDD-SDJ** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiff on October 14, 2021. (R. Doc. 4). Defendant has not filed an opposition. For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Remand (R. Doc. 4) be **GRANTED** and that the matter remanded to the 18th Judicial District Court for further proceedings.

**I.     Background**

This action arises from a motor vehicle collision between Plaintiff Craig Easley and Defendant Jace Brownlee on September 28, 2020. Plaintiff filed this action in the 18th Judicial District Court for the Parish of West Baton Rouge on July 22, 2021, naming as defendants Jace Brownlee, American Mercury Insurance Company ("American Mercury"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Geico Casualty Company ("Geico"). American Mercury, Liberty Mutual, and Geico were served with Plaintiff's Petition for Damages on July 27, 2021. (R. Docs. 4-2, 4-3, and 4-4); Defendant Jace Brownlee remains unserved. (R. Doc. 4 at 1).

Defendant Liberty Mutual filed a Notice of Removal (R. Doc.1) with this Court on August 26, 2021. The Notice of Removal asserts that this Court has jurisdiction over the case by means of

diversity of citizenship among the parties and the requisite amount in controversy, pursuant to 28 U.S.C. § 1332. (R. Doc. 1 at 2-4). It further alleges that counsel for American Mercury consented in writing to the removal and that counsel for Geico intended to "file pleadings… whereby it will no longer be a party to this case" and thus its consent to the removal would be unnecessary. (R. Doc. 1 at 4).

Following removal, Plaintiff filed this Motion to Remand (R. Doc. 4) on October 14, 2021.[1] Plaintiff argues that the removal is procedurally defective because Geico, still a defendant in this action, did not join or consent to this removal. (R. Doc. 4-1 at 2). Plaintiff further asserts that, while Liberty Mutual alleges in the Notice of Removal that American Mercury consented to removal, an email exchange was not enough to show consent on the record. (R. Doc. 4-1 at 2). Plaintiff argues remand is necessary because the properly joined and served parties did not all join or consent to the removal.

## II.    Law and Analysis

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant … that it has

---

[1] On August 29, 2021, Hurricane Ida made landfall in Louisiana as a Category 4 hurricane, resulting in disruption of communication and meaningful access to the federal courthouse and office of the Clerk of Court. Accordingly, this Court issued General Order 2021-7, suspending all deadlines for thirty days starting from August 26, 2021. *General Order No. 2021-7* (M.D. La. Sept. 2, 2021). The original deadline for this Motion for Remand fell on September 27, 2021, but because of the suspension, this filing is timely.

actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). If the rule of unanimity is not met, the removal is procedurally defective. "District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Grigsby v. Kansas City Southern Railway Co.*, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012) (citing *Spoon v. Fannin County*, 794 F.Supp.2d 703 (E.D. Tex. 2011)).

Here, Liberty Mutual claims in its Notice of Removal that counsel for American Mercury consented to the removal in writing, referring to an attached email exchange. (R. Doc. 1 at 4). The exchange in question contains an email from a Liberty Mutual email address, seemingly with no text in the body of the email; its subject line references this matter and requests "please sign consent for removal". (R. Doc. 1-3). The response reads only "Agree and Consent". (R. Doc. 1-3). No attachments to this email are indicated or included in this record. Finally, American Mercury has made no acknowledgement of the Notice of Removal on the record aside from the email submitted by Liberty Mutual with the Notice of Removal.

The Fifth Circuit has explained that while only consent to removal is required, "a defendant must do so itself." *Getty Oil*, 841 F.2d at 1262, n.11. District courts in the Fifth Circuit consistently remand cases when the notice of removal merely alleges consent by a defendant that does not explicitly join in the removal. *Johnson v. Jessen*, 2022 WL 956306, at *3 (M.D. La. Mar. 14, 2022) (citing *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019)). Furthermore, several district courts have explained that email correspondence alone is not enough to satisfy the requirement that a defendant must file evidence of its consent with the Court. *Allement v. Ameristep Corp.*, 2013 WL 12183655, at *5, n.15 (M.D. La. Dec. 30, 2013) (quoting *Grigsby v. Kansas City Southern Railway Co.*, 2012 WL 3526903, at *2 (W.D.

La. Aug. 13, 2012) and *Mumfrey v. Anco Insulations, Inc.*, 2011 WL 1527180, at *4 (E. D. La. April 20, 2011) ("[e]mails as proof of consent have not been accepted in other cases as sufficient notice.")). *But see Smith v. National Retail Properties, Inc.*, 2016 WL 3912799, at *3 (S.D. Tex. July 20. 2016) (finding that a particular email exchange was sufficient evidence of consent, and any doubt was cleared by the consenting party's participation in response to the motion to remand).

In addition to the email exchange with American Mercury, the Notice of Removal alleges that Defendant Geico informed Liberty Mutual that it planned to file pleadings "whereby it will no longer be a party to this case negating the requirement for written consent". (R. Doc. 1 at 4). At the time of removal and indeed at the time of this writing, Geico has filed no such pleadings and remains a defendant in this matter. As Geico was properly joined and served but has not consented to removal, the rule of unanimity is not met.

Finally, under *Getty Oil*, properly served and joined defendants must join in the removal within the thirty-day period in which the removal itself must be filed. *Getty Oil*, 841 F.2d at 1262. Failure to join all defendants in the removal is a procedural defect that cannot be remedied after the thirty-day removal period. *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) (citing *Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 199 (N.D. Tex. 1990). As all Defendants were served with Plaintiff's Petition for Damages on July 27, 2021 (R. Doc. 1-1 at 2), the Notice of Removal was to be filed by August 26, 2021. However, as General Order 2021-7 suspended all deadlines for thirty days starting from August 26, 2021 (*see supra* note 1), the deadline for filing the Notice of Removal and any evidence of consent to the removal for all defendants was September 28, 2021.

No sufficient evidence of consent having been filed by American Mercury or Geico before the deadline, the Notice of Removal was procedurally defective and remand must be granted.

**III.    Conclusion**

For the reasons set forth above, it is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 4) should be **GRANTED** and this matter **REMANDED** to the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, for further proceedings.

Signed in Baton Rouge, Louisiana, on August 19, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**